## O'Connell v. The Connecticut Mutual Life Insurance Co.

*John F. Corcoran*, for plaintiff; *Joseph S. Conwell*, for defendant.

ALESSANDRONI, J., Nov. 15, 1930.—The statement of claim set forth that the plaintiff is the beneficiary under an insurance policy in the defendant company, the policy being issued on the life of her son, Kenneth J. O'Connell, who is alleged to have died on May 5, 1928. It is averred that the policy was in full force on May 5, 1928, and that the defendant refused to make payment.

The affidavit of defense sets forth that the policy lapsed at midnight of May 5, 1928, and that the said Kenneth J. O'Connell died on May 6, 1928,

wherefore, no liability ever accrued under the policy. Under new matter the affidavit of defense sets forth the terms of the policy and the particular facts upon which the defendant bases its conclusion that the policy ceased and determined at 12 o'clock midnight May 5, 1928.

The plaintiff has taken this rule to show cause why the affidavit of defense should not be stricken off on the theory that it is not brief or concise as required by the Practice Act; that the affidavit of defense attempts to plead evidence; and that the allegations under new matter consist only of evidence in support of the allegations set forth in the affidavit of defense.

Under section 5 of the Practice Act of 1915, every pleading must contain a statement in concise and summary form of the material facts on which the party pleading relies for his claim or defense, but not the evidence by which they are to be proved. The defendant has set forth in his affidavit of defense evidence by which it intends to prove that the insured died on May 6, 1928. This evidence is stated in detail and includes physician's affidavit, undertaker's affidavit, certificate of death and copy of the coroner's inquest. This is a clear violation of section 5 of the Practice Act.

Section 12 of the Practice Act also requires that the affidavit shall be as brief as the nature of the case admits. The averments set forth under new matter are really averments of the evidence by which the defendant intends to prove that the policy was not in force on May 6, 1928, but had expired at midnight of May 5, 1928. This also violated the aforementioned provisions of the Practice Act, and, therefore, the rule to strike off the affidavit of defense should be made absolute.

And now, to wit, Nov. 15, 1930, the rule to strike off affidavit of defense is made absolute, with leave to the defendant to file an amended affidavit of defense within ten days of the receipt of notice of this order.